UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF WILLIAM HENNEFER et al., <br><br> Plaintiffs, <br><br> v. <br><br> YUBA COUNTY et al., <br><br> Defendants. | No. 2:22-cv-00389-TLN-KJN <br><br> ORDER |

    Presently pending before this court is plaintiff's motion to compel and for sanctions. (ECF No. 36.) Plaintiff asks this court to order the retaking, in part, of the depositions of Deputy Tyler Eck, Deputy Valentino Aguirre, Deputy Teng Saecheo, and Detective Natalie Mullins, with costs and fees paid by defendant; order forensic testing of Deputy Bradon Mallory's USB Drive and computer; and order production of the names of personnel involved in the drone video chain of custody, along with a brief description their involvement. (Id. at 2.)

    For the following reasons, plaintiff's motion to compel is GRANTED in PART and DENIED in PART. Plaintiff's request for sanctions and attorneys' fees is DENIED.

/////

////

1

I. BACKGROUND

This civil rights action arises from the death of thirty-seven-year-old William Hennefer, who died following a mental health crisis on the afternoon of January 25, 2021. (ECF No. 23.) Plaintiff alleges that Mr. Hennefer's death was due to defendant Yuba County Sheriff Department's failure to provide timely medical assistance and failure to train its officers. (Id.)

The instant discovery dispute arose after defendant failed to produce complete drone video files during written discovery. Defendant produced eight drone video files, labeled "COUNTY 385-392." (ECF No. 36-1 at 16.) Of the eight videos, four video files (385, 387, 389, and 391) were intended to be high-resolution video files with date and time stamps. (See id.) The remaining four video files (386, 388, 390, and 392) were intended to be lower-resolution versions without time stamps. (See id.) However, due to an error, video files 387, 389, and 391 were exact copies of video file 385, when in fact video files 387, 389, and 391 should have shown different video content. (Id.) The correct files were subsequently produced as amended discovery on August 31, 2023. (Id.)

The parties appeared for an informal telephonic conference before the undersigned on September 8, 2023, to remedy the effects of the late produced video files. (ECF No. 29.) At that time, the court ordered the second deposition of Deputy Mallory with costs paid by defendant. (ECF No. 30.) The court denied plaintiff's request to order a forensic evaluation, chain of custody log, and reopening the remaining depositions. (Id.)

Plaintiff filed the instant motion on December 8, 2023, along with joint statement from both parties, and set the matter for a December 19, 2023 hearing. (ECF No. 36.) On its own motion, the court vacated the hearing and ordered the parties to submit the videos at issue to the court. (ECF No. 37.)

Plaintiff submitted a USB drive containing two folders, "Defendants second video production" and "Mallory USB Drive Videos." The folder titled "Defendants second video production" contains the videos that defendant erroneously produced in written discovery.

The folder entitled "Mallory USB Drive Videos" contains four distinct high resolution drone videos and their lower resolution counterparts; i.e., the video files which should have been

produced during discovery but were not produced until after Deputy Mallory's deposition.[1] Upon review, the court confirmed that video file 391 has a wider field of view than its lower resolution counterpart (video 392) and shows that at least two YCSD officers approached the truck and found Mr. Hennefer deceased.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties

> May obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

A motion to compel is appropriate when a party fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv), (a)(4). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC, No. 2:10-2011 WL 2433655, at *5 (E.D. Cal. June 14, 2011). Thereafter, the party opposing discovery has the burden of showing the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted).

## III. DISCUSSION

Plaintiff asks this court to order the retaking, in part, of the depositions of Deputy Tyler Eck, Deputy Valentino Aguirre, Deputy Teng Saecheo, and Detective Natalie Mullins, with costs and fees paid by defendant; forensic testing of Deputy Mallory's USB Drive and computer; and order production of the names of personnel involved in the drone video chain of custody, along with a brief description their involvement. (ECF No. 36 at 2.) The court addresses each of these

---

[1] Upon review, the court confirmed that video files 387 and 389 in "Defendants second video production" are copies of video file 385. The court was unable to view video file 391 in "Defendant's second video production" because of a software compatibility issue; however, defendant does not dispute that file 391 was a duplicate of 385. (ECF No. 36-1 at 16.)

requests in turn.

### A. Retaking of Depositions

Reopened depositions are disfavored, except in certain circumstances, such as the long passage of time with new evidence or new theories added to the complaint. Ransom v. Herrera, 2018 WL 4008386, at *2 (E.D. Cal. Aug. 21, 2018). When determining whether to grant a request to retake a deposition, courts consider 1) whether the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; 2) whether the party seeking the discovery has had ample opportunity to obtain the information; and/or 3) whether the burden or the additional expense outweigh the benefit sought. Id. See also Fed. R. Civ. P. 26 (b)(2).

Here, plaintiff requests the retaking of the depositions of Deputy Tyler Eck, Deputy Valentino Aguirre, Deputy Teng Saecheo, and Detective Natalie Mullins.[2] (ECF No. 36-1 at 5.) Plaintiff argues that the complete set of date-stamped videos will help clarify the sequencing of events by allowing plaintiff to correlate the statements recorded in the incident report with the two complete drone videos with date/timestamps. (Id.) In addition, and as confirmed by the court, video 391 has a wider field of view and shows two, or possibly three, of the YCSD officers that approached the truck and found Mr. Hennefer deceased. (Id. at 5-6.)

Plaintiff's statement does not articulate why the court should grant the retaking of the depositions in light of discovery limitations which this court must consider. (See Fed. R. Civ. P. 26(b)(2), requiring courts to consider whether the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; whether the party seeking the discovery has had ample opportunity to obtain the information; and/or whether the burden or the additional expense outweigh the benefit sought.) However, the court agrees that second depositions are warranted, as the production of higher-resolution, time-stamped videos, at least one of which has a wider field of view, would better enable plaintiff to obtain accurate testimony related to timing

---

[2] While plaintiff's motion does not indicate when the initial depositions of Deputies Eck, Aguirre, Saecheo, and Detective Mullins occurred, the court infers from the parties' joint statement that the depositions of Deputies Eck, Aguirre, Saecheo, and Detective Mullins occurred before defendant provided plaintiff with the correct video files.

4

1  and sequencing of the circumstances surrounding Mr. Hennefer's death.

2  Accordingly, plaintiff's request to retake, in part, the depositions of Deputies Eck, Aguirre, Saecheo, and Detective Mullins is GRANTED. Plaintiff shall only retake those parts of the depositions that were adversely impacted by the unavailability of the complete set of video files from Deputy Mallory.[3]

Lastly, to ensure that the expense of retaking the depositions does not outweigh the benefit sought, the court declines to order defendants to pay costs and attorneys' fees. If plaintiff chooses to retake any of the depositions, it will be at his own expense (and defendants are responsible for their own attorneys' fees, copy of deposition transcripts, etc.).

Plaintiff asks this court to order production of all video, including infrared video. (ECF No. 36-1 at 13.) But, as defendant has already represented that they have produced all video files, there is nothing further for the court to compel. (See ECF No. 36-1 at 19, 20.) Plaintiff's request is therefore DENIED.

B.  Forensic Testing

Plaintiff asks this court to order production of Deputy Mallory's USB Drive and computer for forensic testing. (ECF No. 36-1 at 13.) District courts have consistently held that "mere suspicion or speculation" that an opposing party may be withholding discoverable information is insufficient to support a forensic inspection of an opposing party's computer. Juul Labs, Inc. v. Chou, 2022 WL 2161062, at *2 (C.D. Cal. Apr. 19, 2022) (collecting cases). Here, plaintiff's assertions that "[t]here is almost certainly a much longer infrared video file that could be a crucial piece of forensic evidence" and that forensic analysis "is the only means of verifying" completeness of production are speculative. (ECF No. 36-1 at 13.) Accordingly, plaintiff's request for a court order compelling a forensic inspection of Deputy Mallory's USB and computer is DENIED.

////

---

[3] Plaintiff seeks to depose the deputies regarding the infrared video. However, as defendant argues and plaintiff concedes, the infrared video was contained in the video files produced to plaintiff prior to the Mallory Deposition. (ECF No. 36-2 at 3.)

5

C. Chain of Custody log

Plaintiff asks this court to order defendant to produce the names of any Yuba County Sheriff's Department personnel involved in the drone video chain of custody, along with a brief description of their contact with the drone video. (ECF No. 36-1 at 14.) Defendant has not addressed this request in the joint statement. Accordingly, plaintiff's request is GRANTED. Defendant shall provide the names of any Yuba County Sheriff's Department personnel involved in the drone video chain of custody, along with a brief description of their contact with the drone video within fourteen days of this order.

D. Attorney's Fees and Sanctions

If a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37. The court denies plaintiff's request for attorneys' fees.[4] (ECF No. 36-1 at 14.) Further, though plaintiff's counsel seeks an award of 26.1 hours "investigating the drone video," the court is not persuaded that this excessive expenditure of time was reasonable. Accordingly, plaintiff's request for attorneys' fees and sanctions is DENIED.

**ORDER**

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's Motion to Compel and Request for Attorneys' Fees and Sanctions, ECF No. 36, is GRANTED in PART and DENIED in PART.
2. Plaintiff's request to retake, in part, the depositions of Deputies Eck, Aguirre, Saecheo, and Detective Mullins is GRANTED. The ordinary costs of the depositions shall be borne by plaintiff.
3. Plaintiff's request for attorneys' fees and sanctions is DENIED;
4. Plaintiff's request for an order compelling forensic inspection of Deputy Mallory's USB and computer is DENIED;

---

[4] Plaintiff requests sanctions and fees under Federal Rule of Civil Procedure 37(a)(5) and 37(e). (See ECF No. 36-1 at 12.) Rule 37(a) takes effect only when a motion is granted in full, which is not the case here. Further, plaintiff's bare assertion that "the foregoing law is clear and Plaintiffs are entitled to relief" is insufficient to support sanctions under Rule 37(e).

6

     5. Plaintiff's request for an order compelling production of the names of any Yuba County Sheriff's Department personnel involved in the drone video chain of custody, along with a brief description of their contact with the drone video, is GRANTED. Defendant shall provide the requested information within fourteen days of this order.

Dated: January 11, 2024

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

RS,henn.0389